**Pedro Manuel Perez HIGUEROA; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–72624.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2012.*

Filed Feb. 14, 2012.

David Neumeister, Judith Seeds Miller, Law Office of David Neumeister, Bakersfield, CA, for Petitioners.

Richard M. Evans, Esquire, Assistant Director, Brooke Maurer, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: D.W. NELSON, O'SCANNLAIN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Pedro Manuel Perez–Higueroa, Iliana Rosario Perez, and their son Cristian Omar Perez–Gaxiola, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo claims of due process violations in removal proceedings, *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir.2010), and we deny the petition for review.

Petitioners contend they were deprived of a full and fair hearing because the immigration judge exhibited bias and hostility toward their counsel. Petitioners, however, have failed to establish that the exchanges between the immigration judge and counsel prevented them from reasonably presenting their case or introducing testimony. *See Cinapian v. Holder*, 567 F.3d 1067, 1074 (9th Cir.2009); *Vargas–Hernandez v. Gonzales*, 497 F.3d 919, 926–27 (9th Cir.2007). In addition, Petitioners have failed to demonstrate prejudice. *Hassan v. INS*, 927 F.2d 465, 469 (9th Cir.1991).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.